**FILED**
NOV 0 1 2007  NR
Nov. 1, 2007
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MORAN INDUSTRIES, INC.,** ) | JH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07CV 6171 |
| ) | JUDGE LEFKOW |
| **JOHN HEIDEMAN and KILIMANJHARO** ) | MAGISTRATE JUDGE MASON |
| **EQUITY INVESTMENTS, LLC,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Moran Industries, Inc., by its attorneys, and as and for its Complaint against defendants John Heideman and Kilimanjharo Equity Investments, LLC, states as follows:

### Parties

1. Plaintiff Moran Industries, Inc. ("Moran Industries") is an Illinois corporation with its principal place of business in Midlothian, Illinois.

2. Defendant John Heideman ("Heideman") is a citizen and resident of Houston, Texas. Defendant Kilimanjharo Equity Investments, LLC ("KEI") is a Texas limited liability company with its principal place of business in Houston, Texas. Heideman is the sole member of KEI.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332 in that this is a civil action wherein the parties' are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 in that a substantial part of the of the events or omissions giving rise to the claims asserted herein occurred in this

judicial district and, in the underlying agreement out of which this action arises, defendants expressly consented to venue in this Court.

## Relevant Facts

5. On December 30, 2005, Heideman and Moran Industries entered a written franchise agreement pursuant to which Moran Industries granted Heideman a franchise to operate a Mr. Transmission business at a location to be determined by the parties for a twenty year term.

6. Thereafter, Heideman elected to acquire the assets of an existing Mr. Transmission shop in Kirkwood, Texas, and to operate his franchised business at that location. Heideman formed KEI for purposes of the asset acquisition.

7. Moran Industries financed defendants' acquisition of the assets of the existing Mr. Transmission business, and Heideman executed a promissory note dated July 28, 2006 and payable to Moran Industries in the principal amount of $119,500.

8. Under the franchise agreement, defendants agreed, among other things, to report to Moran Industries on its gross sales on a weekly basis, to pay to Moran Industries a weekly royalty in an amount equal to a specified percentage of gross sales, to participate in Moran Industries' national warranty program and to contribute to its advertising fund on a monthly basis.

## Defendants' Breach of the Franchise Agreement and Promissory Note

9. Since October 2006, defendants have failed to provide Moran Industries with weekly gross sales reports, or to pay to Moran Industries the weekly royalties and monthly advertising fund contributions required under the terms of the franchise agreement, or monthly payments of principal and interest due and owing under the promissory note.

10. On May 8, 2007, Moran Industries provided defendants with written notice of default and demanded that they cure their defaults under the franchise agreement and promissory note.

11. Despite Moran Industries' notice of default and demand for cure, defendants have failed and refused to cure their defaults.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT

12. Moran Industries repeats and realleges ¶¶ 1 through 11 of its Complaint, as if fully set forth in this ¶ 12.

13. Defendants' failure and refusal to provide Moran Industries with weekly gross sales reports, and to pay weekly royalties and monthly advertising fund contributions due and owing under the franchise agreement constitute material breaches of the franchise agreement.

14. As a direct and proximate result of defendants' breaches, Moran Industries has been damaged in an amount equal to all unpaid royalties and advertising fund contributions.

**WHEREFORE**, Moran Industries demands judgment in its favor and against defendants in an amount to be determined at trial, pre-judgment interest thereon, together with an award of its costs and expenses, including attorneys' fees, incurred in connection with this action as provided for under the parties' franchise agreement.

## COUNT II
## BREACH OF PROMISSORY NOTE

15. Moran Industries repeats and realleges ¶¶ 1 through 11 of its Complaint, as if fully set forth in this ¶ 15.

16. Defendant Heideman's failure and refusal to pay to Moran Industries the amounts of principal and interest due and owing under the promissory note constitutes a material breach of the promissory note.

17. By reason of defendant's breach of the promissory note, the entire principal balance and accrued interest is due and immediately payable to Moran.

18. As a direct and proximate result of defendant's breach of the promissory note, Moran Industries has been damaged in an amount equal to the outstanding principal balance and all accrued interest due under the promissory note, totaling in excess of $119,000.

**WHEREFORE**, Moran Industries demands judgment in its favor and against defendant in an amount in excess of $119,000, to be determined at trial, consisting of the outstanding principal balance and all accrued interest due under the promissory note, pre-judgment interest thereon, together with an award of its costs and expenses, including attorneys' fees, incurred in connection with this action as provided for under the promissory note.

Dated:   November 1, 2007

MORAN INDUSTRIES, INC.

By: _/s/ Andrew P. Bleiman_
One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Andrew P. Bleiman (ARDC #6255640)
***CHENG COHEN LLC***
1101 W. Fulton Market, Suite 200
Chicago, Illinois 60607
T (312) 243-1701
F (312) 277-3961