UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MORAN INDUSTRIES, INC. )
)
        Plaintiff, ) No. 07 C 6171
v. )
)
JOHN HEIDEMAN and KILIMANJHARO )
EQUITY INVESTMENTS, LLC, )
)
        Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

NOW COMES the Defendants, John Heideman and Kilmanjharo Equity Investments, Inc, LLC, by and through its attorney Brian P. Mack and James J Tragos of the Mack Law Group, PC and for its Memorandum of Law in Support of its Motion to Stay states as follows:

**INTRODUCTION**

Plaintiff, Moran Industries, Inc. is a multi-state franchisor of automotive aftermarket centers. Included within its family of franchises are Mr. Transmission, Multistate Transmissions, Milex Complete Auto Care, Dr. Nick's Transmissions and Alta Mere. Although Plaintiff is an Illinois corporation, its business is largely conducted and concentrated in states other then Illinois, such as Texas. The Defendant John Heideman is a Texas resident and Defendant, Kilimanjharo Equity Investments, LLC is a Texas limited liability company. Plaintiff seeks enforcement of its rights as to a franchise originating in the state of Texas and referred to in the Franchise Agreement as a "Mr. Transmission." [1]

---

[1] Plaintiff does not incorporate or attach either the Franchise Agreement or the Promissory Note to Defendant's copy of the Complaint.

1

The parties to this current litigation are not strangers to each other. In June 2007, Moran Industries, Inc. and its agent, James Hafemeister[2], were made defendants in a lawsuit filed by John Heideman and Kilimanjharo LLC. The Texas lawsuit not only references the same parties (with one exception-James Hafemeister), but also involve the same issues-namely the contractual interests of the parties as to the Mr. Transmission franchise agreement that is the subject of this litigation. Moran Industries Inc. and James Hafemeister sought to Dismiss or in the alternative stay the Texas proceeding for Forum Non Conveniences, but said motion was denied by the Texas Court. The Texas litigation filed by John Heideman and Kilimanjharo Equity Investments, Inc. was initiated several months before Moran Industries, Inc. filed suit in the instant case.

Defendants respectfully submit that this Court should stay the current proceeding and allow the parties to have their dispute heard in full in Texas-without the unnecessary cost of duplicating litigation efforts in this forum.

**ARGUMENT**

A federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote wise judicial administration. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976). To determine whether a stay is appropriate in a particular case, a court must apply a two-part test. *Id.* First, the court must consider "whether the concurrent state and federal actions are actually parallel." *LaDuke v. Burlington N. R.R. Co.,* 879 F.2d 1556, 1559 (7th Cir. 1989). To constitute parallel litigation, the suits need not be identical. *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1287 (7th Cir. 1988). The court will find two suits are parallel when "substantially the same

---

[2] Hafemeister, whom Defendants believe is a material party to this action, is a resident of Texas. If the Court ultimately agrees with Defendants argument, Plaintiff's diversity jurisdiction is destroyed. This assertion is made to alert this court as to the jurisdiction issues that will likely be litigated in the event Defendant's motion to stay is denied.

2

parties are contemporaneously litigating substantially the same issues in another forum." *Id.* Formal symmetry between the two actions is not required, instead, it is sufficient to show there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985).

Second, the court must consider a number of factors, which demonstrate the existence of exceptional circumstances. *Id.* The factors which determine whether exceptional circumstances exist are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the jurisdiction was obtained by the concurrent forums; (5) the source of governing law; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdictions; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id.* In evaluating these factors, no one factor is determinative, rather "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of the factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-819.

The motion for stay should be granted in this federal proceeding because: (1) the concurrent state and federal actions are parallel and (2) an overwhelming majority of the *Colorado-River* factors point to exceptional circumstances, which warrant granting a stay in the name of promoting "wise judicial administration." *Id.*

**A. The concurrent state and federal actions are parallel.**

In terms of the parallel nature of the concurrent state and federal actions in this case, *Clark* controls. *See Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004). In *Clark*, the court granted a stay of a federal proceeding due to: (1) the party's interests were nearly identical; (2) the

3

differing causes of action all revolve around the same issue; and (3) even though an additional remedy was sought in one action, the liability issues and the remedy sought remained the same in both cases.

### 1. The parties are identical.

In *Clark*, two separate derivative shareholder suits were filed on behalf of Sears alleging various claims regarding an overall breach of fiduciary duty. *Clark*, 376 F.2d at 686. Although some differing names appeared on either of the complaints, as a derivative suit, the 7th Circuit found Sears was the party with an actual interest in both cases. In this case, the named plaintiff and defendant in both the state and federal suit are identical. In the state proceeding an additional defendant is named, however, his liability is intrinsically tied to that of the other defendant under the doctrine of respondeat superior. As stated in the Introduction, Defendants' believe the additional party named in the Texas litigation (James Hafemeister) is a necessary party to this instant litigation and was likely not included as a party by the plaintiff so as to maintain the illusion of diversity jurisdiction. Therefore, this case exhibits an even stronger showing of substantially similar parties than was found sufficient in *Clark*. *Id*.

### 2. The differing causes of action all revolve around the same issue.

The *Clark* court found the additional claims, which were only brought in one of the cases — abuse of control, gross mismanagement, and waste of corporate assets — all involved the overall allegation that the defendant's breached their fiduciary duty owed to the shareholder. *Id*. Likewise, both claims here grew out of an alleged breach of contract to a franchise agreement entered by both parties. While the federal plaintiff claims breach of the franchise agreement and the promissory note, the state plaintiff alleges the same as well as claims sounding in fraud and misrepresentation based on the formation of that same franchise agreement and promissory note.

4

Therefore, given the substantial similarity of claims, it is very likely the state litigation will determine who in fact breached the contract or the duty associated with that contract and, in turn, dispose of all claims in this case. *Id.*

### 3. The remedy sought in both cases is identical

In *Clark,* the court granted a stay of the federal proceeding despite the fact one cause of action requested additional equitable relief, because in each case the central issue of liability remained the same and the parties sought substantially the same relief, namely damages. *Id.* at 687. Here, like in *Clark,* each party's liability for the breakdown of the contractual agreement is the central issue. Moreover, each party seeks damages from the opposing party emanating from the same agreement.

## B. This federal proceeding exhibits exceptional circumstances and, therefore, a stay would promote wise judicial administration.

In regard to a sufficient number of factors pointing towards exceptional circumstances, *Clark* is also controlling. In that case, once the 7th Circuit found the cases were parallel, the court held enough factors were present to constitute the exceptional nature of the case and warrant a stay. *Clark,* 376 F.2d at 688.

### 1. Texas has concurrent jurisdiction with the federal court, can adequately protect the federal plaintiff's rights, and removal of claims from Texas is not feasible.

The only jurisdictional basis the federal plaintiffs retain is under a theory of diversity. Pursuant to *Colorado-River,* a state court's expertise in its own law points towards the propriety of a stay. *Day v. Union-Mines, Inc.,* 862 F.2d 652, 660 (7th Cir. 1988).

In the same sense, proceeding in state court would adequately protect the federal plaintiff's rights. Where there is concurrent jurisdiction, it is assumed the courts have the appropriate power to protect each party's rights. In terms of protection of plaintiff's rights this case is distinguishable from *In re Comverse,* where the court found the federal court had exclusive jurisdiction over certain claims and, therefore, those claims could not be adjudicated in state court. *In re Comverse Technology, Inc. Derivative Litigation,* 2006 WL 3193709 at *7 (E.D.N.Y. 2006). Here, it is possible to continue with this litigation under each count in state court. Therefore, unlike in *In re Comverse,* in this case no danger exists that the federal plaintiff's rights will go unguarded. Rather, it is more likely the federal plaintiff's rights will be subject to heightened protection in Texas courts where judges are experts in Texas law.

Furthermore, in *Clark,* the court noted that not only does concurrent jurisdiction weigh in favor of a stay, "so does the inability to remove the New York action to federal court." This consideration rests on the "federal policy against hearing a claim which is related to ongoing non-removable state proceedings." In this case, the unlikelihood of removal of the case from Texas is especially obvious in light of Moran's denial of their Motion to Dismiss or Stay for Forum Non Conveniens ordered by the Texas court. Thus, it is clear that the state and federal courts have concurrent jurisdiction, and the removal of the state proceeding from Texas is not only unfeasible but also unlikely.

### 2. The federal forum is inconvenient for the parties.

In terms of inconvenience of forum pointing towards the exceptional nature of the case, *LaDuke* controls. *LaDuke,* 879 F.2d 1556. In *LaDuke,* the court found that simultaneous litigation in Chicago and Peoria or Aurora would certainly inconvenience both parties, the federal proceeding was inconvenient for the parties, and this was a consideration, which favored

6

a stay. In this case, if this Motion to Stay were denied, the parties would be obligated to conduct concurrent litigation not only in different cities, but in different states across the country. In this sense, the level of inconvenience is even more obvious. As stated above, Plaintiff is a multi-state corporation with operations throughout the country. Clearly it understood that one of the known risks of conduction such an enterprise

Moreover, the difficulty in conducting this litigation for the federal defendant is compounded by many factors. (See Heideman Affidavit). Mr. Heideman resides in Texas. He initiated, negotiated, and consolidated his business relationship in the form of the franchise agreement with Moran from Texas. After the agreement was complete, he opened his franchise in Texas, which he continues to run today. Mr. Heideman has only been to Illinois one time in the past ten years and, before he purchased his franchise, has never had any business contacts in this state. Additionally, this is the first business Mr. Heideman has owned and his knowledge in business transactions is limited. Finally, the majority of his witnesses reside in Texas, rather than Illinois. Allowing the federal case to proceed would substantially limit Mr. Heideman's ability to effectively litigate this case. Therefore, this consideration is another factor that weighs in favor of a stay.

### 3. The procedural postures of the concurrent actions are such that the state proceeding is more likely to be resolved first.

Another factor, which indicates the propriety of a stay of federal proceedings, is the order in which the concurrent forums obtained jurisdiction. *Colorado River,* 424 U.S. at 818-819. However, courts have further explained this factor as measuring order not in terms of which suit was initiated first but rather in terms of how much relative progress had been made in the concurrent cases. *Id. See also Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460

U.S. 1, 22 (1983). In *Colorado-River,* the court found that one of the factors warranting a stay of federal proceedings was the "apparent absence of any proceedings in the District Court, other than the filing of the complaint." In this case, the Texas lawsuit was filed in June 2007, and thie instant lawsuit was filed in November 2007. Moreover, in the Texas state court proceeding discovery has already been conducted. Therefore, it is clear this Texas action is on track to being resolved well before the federal case and, in turn, this too constitutes a factor pointing towards the desirability of a stay of the federal proceeding.

### 4. A stay would avoid piecemeal litigation.

In *Clark,* the court found the elimination of piecemeal or duplicative litigation particularly persuasive in granting a stay. *Clark,* 376 F.2d at 687. Specifically, the 7th Circuit held that a stay would eliminate the potential for two inconsistent outcomes and would avoid duplicative litigation, which would drain judicial resources. *Id.* In this case, the same considerations apply. If the federal case was to proceed, two separate courts and two different triers of fact would be forced to consider and oversee substantially similar pretrial motions, discovery matters, and evidentiary issues regarding almost identical issues and arising out of one chain of events. In the spirit of eliminating wasteful litigation, this factor is paramount in the abstention of the federal case.

### CONCLUSION

The Motion for Stay should be granted in this federal proceeding because the concurrent state and federal actions are parallel in that (1) the parties interests at stake are nearly identical in the two actions, (2) the causes of action that are not similar revolve around the same issue, and (3) the parties seek similar remedies. Pursuant to the finding that the actions are parallel, the

Motion for Stay should be granted because an overwhelming majority of the *Colorado-River* factors point to exceptional circumstances in this case. The factors which exhibit this exceptional nature include: (1) Texas is the source of the physical plant subject to the franchise agreement, (2) Texas has concurrent jurisdiction with the federal court, (3) the Texas state claim can adequately protect the federal plaintiff's rights, (4) it is unlikely this case will be removed from the Texas court's jurisdiction, (5) the federal forum is inconvenient for the parties, (6) the procedural posture of the cases is such that the state proceeding is likely to be resolved first, and (7) a stay would avoid piecemeal litigation. Weighing these factors together shows the cases at hand fulfill the *Colorado-River* two-part test and a stay of the federal proceedings should be granted

                              Respectfully Submitted,
                              By: s/ Brian P. Mack
                              ARDC 6255657
                              bmack@macklawyers.com

The Mack Law Group, PC
20 S. Clark, Suite 500
Chicago, Illinois 60603
PH: (312) 676-0100
FAX: (312) 372-7076