UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-CV-06171 |
| ) | |
| JOHN HEIDEMAN and KILIMANJHARO ) | Judge Joan Humphrey Lefkow |
| EQUITY INVESTMENTS, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Plaintiff Moran Industries, Inc., by its attorneys, and as and for its response in opposition to defendant's Motion to Stay, states as follows:

## INTRODUCTION

Defendants' motion to stay this Court's proceedings pending the lawsuit defendants filed in Texas state court is a blatant and improper attempt to circumvent the unambiguous terms of the forum selection clause contained in defendants' franchise agreement with Moran. Defendants' have not and cannot fulfill the requirements necessary for this court to abstain its jurisdiction.  This action and the Texas state action are not parallel, nor do they present exceptional circumstances to invoke the abstention doctrine.  For these reasons, defendants' motion to stay must be denied.

## BACKGROUND

On November 1, 2007, Moran filed its complaint in this action against defendants for breach of:  (1) the December 30, 2005 Franchise Agreement ("Franchise Agreement"); (2) John

1

Heideman's personal guarantee of the franchise agreement; and (3) the July 28, 2006 Promissory Note ("Note"). (*See* Compl.). Pursuant to the Franchise Agreement, the agreement was entered in Midlothian, Illinois, Illinois law governs disputes between the parties, and each defendant "agrees and consents to the jurisdiction and venue of the United States District Court for the Northern District of Illinois . . . with respect to any proceedings which arise out of or are connected in any way" with the operations under this franchise agreement ("Forum Selection Clause"). (*See* Franchise Agreement, Ex. A, ¶34).

John Heideman ("Heideman") also agreed to an Illinois forum and the application of Illinois law to govern disputes arising under the Note. (*See* Note, Ex. B). Consequently, Moran filed this present action in the District Court for the Northern District of Illinois, abiding by this forum selection and agreement between the parties. Defendants' Texas state court action, entitled *John Heideman and Kilimanjahro Equity Investments, L.L.C. v. Moran Industries, Inc., and James Hafemeister* ("Texas state action"), case no. 07-06-05715-CV, was filed in June 2007 in violation of the forum selection clause. (Texas First Amend. Orig. Petition, Ex. C). Defendants did not serve Moran with the complaint filed in the Texas state court until late October 2007. Although defendants have disregarded the forum selection clause and have failed to pay royalties and other amounts due to Moran under the Franchise Agreement and Note, they presently continue to operate their store as a Mr. Transmission franchise, enjoying the benefits of Moran's trademarks and logos, and many other benefits received under the Franchise Agreement.

This matter and the Texas state action raise different issues and name different parties. (Ex. C). While both causes of action stem from the franchise relationship, the two suits involve

separate and distinct contracts. (Ex. C). The Texas state action sounds in fraud, involves conduct allegedly committed by a third nonparty to this case, and involves conduct relating to agreements other than the Franchise Agreement and Note. (Ex. C). As demonstrated below, defendants' Motion to Stay should not be granted.

## ARGUMENT

**I.   FEDERAL COURTS HAVE A DUTY TO EXERCISE JURSIDICTION GIVEN TO THEM.**

Federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. et al. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L. Ed. 2d 483, 498 (1976). This obligation remains even when there is a parallel pending state court action. The doctrine of abstention is "an extraordinary and narrow exception" to that duty. *Id.* at 813-14. Abstention only is applied in order to clearly serve an exceptional countervailing interest of judicial efficiency, even in the case where diversity of citizenship is the only foundation for federal jurisdiction. *Moses H. Cone Mem. Hosp. v. Mercury Const.*, 460 U.S. 1, 14, 103 S. Ct. 927, 74 L. Ed. 2d. 765 (1983). The party requesting the abstention of federal proceedings bears a heavy burden of showing necessity of abstention. *Eisenman Corp. v. TEK-MOR, Inc.,* 2004 U.S. Dist. LEXIS 1517,*9 (N.D. Ill. 2004).

**II.   ABSTENTION IS INAPPROPRIATE BECAUSE THE CURRENT CASE IS *NOT* PARALLEL TO THE PENDING STATE COURT ACTION.**

Before exercising the discretion to abstain from exercising jurisdiction, the court must first determine whether the state and federal court proceedings are parallel. "A federal court can only abstain from hearing a case if there is the 'clearest of justification' warranting dismissal and if the parallel litigation will be 'an adequate vehicle for the complete and prompt resolution of

3

the issues between the parties.'" *AAR Int'l, Inc. v. Nimelias Enters. S.A.* 250 F.3d 510, 517 (7th Cir. 2001).

Two suits may be parallel if "there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." *Id.* at 518. "Any doubt regarding the parallel nature of the [state-court] suit should be resolved in favor of exercising jurisdiction." *Id.* at 520. The fact that the same contract is at issue in both suits does not mean that those two suits are parallel. *See Eisenman,* 2004 U.S. Dist. LEXIS 1517,*11.

Defendants' Texas state action does not address the issues herein and would not dispose of the issues raised by plaintiff. This action seeks recover for unpaid amounts under the Franchise Agreement and Note. In contrast, the Texas state action is not based on the Franchise Agreement or Note which are the documents at issue in this case. Rather, Defendants allege fraud, misrepresentation, and breach of alleged contracts, other than the Franchise Agreement, between defendants and non-parties to this suit. Those other alleged promises, which occurred separately from the Franchise Agreement and Note, will not determine or dispose of the issues raised here of whether defendants failed to make payments as obligated under those agreements.

Nor do defendants seek rescission or termination of any of their agreements with Moran in the Texas state action. (*See generally* Ex. C). In fact, defendants still continue to operate as a franchisee under the Franchise Agreement and only seek monetary damages for their alleged wrongs. Consequently, the Texas suit would not determine the breach of contract issues that are the subject of the suit before this court, and these cases are not parallel.

In addition, this matter and the Texas state action name and involve different parties. Contrary to defendant's claims, James Hafemeister ("Hafemeister") is not the only additional

party named in the Texas state action.  Micah Consulting Division LLC, not a party herein, is also a named defendant in the Texas state action.[1]

Further, even though Hafemeister is not a necessary party to the suit, defendants' assertion that the addition of Hafemeister as a defendant in this matter would ruin this court's exercise of diversity jurisdiction is entirely baseless.  Hafemeister is not a resident of Illinois.  Section 1332 of Title 28 of the United States Code grants federal courts jurisdiction over parties, where no plaintiff is a citizen of the same state of which any defendant is a citizen.  28 U.S.C.S §1332(c)(1) (2008); *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997).  Therefore, the (unnecessary) addition of Hafemeister would not destroy diversity jurisdiction.

## III.    THE TEXAS SUIT DOES NOT CREATE EXCEPTIONAL CIRCUMSTANCES REQUIRED FOR ABSTENTION.

Only under certain exceptional circumstances does a federal court have discretion to abstain from hearing a case with parallel state proceedings.  Not only does this suit not warrant abstention because the state and federal suits are not parallel, but analysis of the abstention doctrine mandates that this court retain jurisdiction because the two suits do not present exceptional circumstances.

Federal courts must consider the following factors to determine whether exceptional circumstances exist:   (1) whether a court has jurisdiction over property at issue; (2) the inconvenience of the federal forum; (3) whether piecemeal jurisdiction will result from the adjudication of two similar proceedings; (4) the order of filing the two suits; (5) which court is in the better position to apply the governing source of law; (6) the adequacy of the state court to

---

[1]    Defendant denies a respondent superior relationship with either of those two parties, neither of whom was a party to Moran's Franchise Agreement with defendants.

protect the federal court's rights; (7) the progress of each proceeding; (8) the presence or absence of concurrent jurisdiction; (9) availability of removal of the state court action; (10) the vexatious nature of the federal claim.  *Jacobson v. City of Chicago*, 233 F. Supp.2d 1001,1007 (N.D. Ill. 2002).  No single factor is determinative of abstention.  *Colorado River,* 424 U.S. at 818; *Eisenmann*, 2004 U.S. Dist. LEXIS 1517 at *11.  However, an analysis of these factors in conjunction with defendants' blatant disregard of their forum selection clause demonstrates that defendants cannot meet their heavy burden of showing the necessity of abstention by this Court.

Where a defendant breaches a forum selection clause, by filing suit in a non-agreed upon forum, abstention is not justified.  *Eisenmann Corp. v. TEK-MOR, Inc.*, 2004 U.S. Dist. LEXIS 1517, *13-16 (N.D. Ill. 2004) (holding that where a party consents to a forum, inconvenience of litigating in that forum and the location of witnesses do not favor abstention); *TruServ v. Flegles, Inc.*, 2003 U.S. Dist. LEXIS 21366*, *9-11 (N.D. Ill. 2003) (denying a stay under the abstention doctrine where defendants violated a forum selection clause by filing suit in a non-agreed upon state).  "[I]t would be unfair to allow [defendant] to enjoy the benefits of the contract and then allow [defendant] to circumvent the provisions, such as the forum selection clauses, which were included for [plaintiff's] benefit" by granting abstention in the very forum to which the defendant agreed.   *TruServ*, 2003 U.S. Dist. LEXIS 21366 at *9.  Here, defendants are attempting precisely just that:  they continue to operate the franchise and receive the benefits of the relationship with Moran, but ask to circumvent their agreement and obligation to litigate disputes in Illinois.

> **A.    Defendants waived arguments that this is inconvenient forum**.

One factor that a court should consider when determining exceptional circumstances is the inconvenience of the federal forum.  Defendants allege that this federal forum is inconvenient

because both the individual and limited liability company are residents of Texas. A party waives any argument that a forum is inconvenient when he signs a forum selection clause and agrees to be subject to jurisdiction in that same venue. *TruServ*, 2003 U.S. Dist. LEXIS 21366 at *9. Defendants waived any alleged inconvenience of Illinois forums when they agreed to the forum selection clause.

Despite their consent to jurisdiction in this venue, defendants inaccurately suggest that this suit should be litigated in Texas because Moran is a "multi-state corporation with operations throughout the country." Rather, Moran is a franchisor whose franchisees conduct franchise operations in states outside of Moran's resident state. Like defendants, franchisees, in exchange for receiving the benefit of the franchise relationship with Moran, agree and consent to the jurisdiction of the courts in Moran's home state - Illinois. Clearly, defendants understood that a suit in Illinois was one of the known risks of agreeing to Illinois jurisdiction and conducting business in Illinois.

Further, the denial of the motion to dismiss based on *forum non conveniens* by the court presiding over the Texas suit does not weigh in favor of granting abstention where parties agreed upon a forum. *TruServ*, 2003 U.S. Dist. LEXIS 21366 at *10-11 (holding that even where the foreign court decided that the choice of forum and law clause was unenforceable, abstention was not warranted); *Rimkus Consulting Group, Inc. v. Cammarata*, 2007 U.S. Dist. LEXIS 87807, *14-23 (S.D. Tex. 2007) (holding that despite the risk of inconsistent rulings and application of different state law to two pending proceedings, as a result of a non-agreed upon forum's decision that the choice of forum and law clause was unenforceable, abstention was not warranted). Defendants mistakenly place weight on a factor which is indeterminate of abstention.

**B.     Proceeding with this suit would not create piecemeal litigation.**

Proceeding with this suit in federal court would not result in piecemeal litigation as the suits address separate issues which do not overlap. However, the only reason the cases have been filed in multiple venues is because defendants defied their agreement with Moran to litigate all disputes in Illinois courts. Where a party files suit in complete disregard of a forum selection clause, a court should not "allow the concern of piecemeal litigation to override the principles of fairness and equity." *TruServ*, 2003 U.S. Dist. LEXIS 21366 at *10.

**C.     Defiance of the forum selection clause obviates the order in which the suits were filed.**

Where parties agree to litigate in a certain forum, a defendant cannot circumvent its agreement just because it raced to the improper courthouse first. *TruServ*, 2003 U.S. Dist. LEXIS 21366 at *10-11. This would allow any party to disregard an agreed upon forum by simply filing a suit in its preferred forum first. Again, here equity and fairness must prevail. Defendants continue to use Moran's logos, marks, and other proprietary information, yet refuse to pay for these benefits or act according to the forum agreement.

Further, no real difference exists between when defendants actually served Moran with the Texas suit and when Moran filed this federal suit. The two events occurred within days. This factor does not weigh in favor of abstention.

**D.     Illinois law governs the dispute and the suit should be decided by an Illinois court.**

The court's ability to apply the governing source of law is an important factor in determining whether a federal court should stay a case before it. Here, defendants contracted with and continue to enjoy the benefits of an Illinois corporation. Defendants agreed that in

return, Illinois law would apply to all resulting legal disputes.[2] (Ex. A, ¶ 34; Ex. B). Contrary to defendants' assertions, Texas law does not govern the dispute herein between the parties.

A federal court sitting in the state of the law that applies is better situated to hear the case than a foreign state court. *Truserv*, 2003 U.S. Dist. Lexis 21366 at *11. This court is more familiar with Illinois law and in a better position to apply Illinois law to the issues than the Texas state court. Therefore, this factor weighs in favor of refusing abstention.

### E.    No other factors warrant a stay of these proceedings.

All remaining factors of the abstention doctrine analysis are neutral and do not weigh in favor of a stay. First, no property is at issue, and therefore, neither court can assume jurisdiction based on property. The next factor is whether the state court will adequately protect the federal plaintiff's rights. Despite defendants' claim, when there is no indication that the state court will not adequately protect the federal plaintiff, this factor is neutral in the analysis and does ***not*** weigh in favor of abstention. *Truserve*, 2003 U.S. Dist. Lexis 21366 at *11.

Third, the relative progress of this case does not favor a stay. Although written discovery has been exchanged, no depositions have proceeded. In such a case, even when a state court denies a motion to dismiss based on *forum non conveniens*, a stay is not warranted unless a case progressed past the point where abstention makes sense. *Truserv*, 2003 U.S. Dist. Lexis 21366 at *11-12. *See also Eisenmann*, 2004 U.S. Dist. LEXIS 1517 at *15. The simple issuance of discovery is not meaningful progress. *See Rimkus*, 2007 U.S. Dist. LEXIS 87807 at *14-23 (holding that exceptional circumstances did not exist even where discovery had been answered and depositions had proceeded in a suit previously filed in a forum in violation of the parties'

---

[2]    Defendants' claim that Texas law would apply to this suit, which is connected to and arises out of the franchise relationship between Moran and defendants, is again the opposite of its choice of law agreements with Moran. (Ex. A, ¶ 34; Ex. B)

agreement, because a court must honor a forum selection clause).  No meaningful progress has been made in the Texas state action.

A fourth factor is whether the concurrent state action can be removed.  In this case, the Texas action cannot be removed, based on information and belief, because the parties to the Texas suit are not diverse.  The final factor for consideration is the vexatious nature of the federal claim.  No allegations have been made, nor are in any way warranted, that this suit arising out of defendants' obvious breaches are anything but genuine and valid.

After complete analysis of these two suits, the preceding relevant factors do not weigh heavily in favor of abstention.  Not only are the two suits not parallel, but defendants' absolute disregard for the forum selection clause strongly support denial of the motion to stay these proceedings.

Finally, defendants' heavy reliance on the ruling in *Clark v. Lacy* is misplaced.  376 F.3d 682, 687-88 (7th Cir. 2004).  This matter is factually dissimilar and distinguishable. Significantly, *Clark* did not involve a forum selection clause which, in and of itself, renders *Clark* inapplicable.  *See generally id.*  Avoidance of a forum selection clause greatly impacts both the abstention doctrine analysis and most of the factors considered by the court in *Clark*. Defendants ignore the forum selection clause despite its unquestionable influence on the Court's analysis.  Moreover, unlike *Clark*, this Court sits in the state of the law that applies, and this court has no need to defer to the Texas court for application of that state's law.  Therefore, the circumstances at issue in *Clark* drastically differ from those in this matter, and are inapplicable in this case.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay should be denied.

**Dated:    March 11, 2008**

>Respectfully submitted,
>
>**MORAN INDUSTRIES, INC.**
>
>**CHENG COHEN LLC**
>
>By: s/   Danielle M. Kays
>Fredric A. Cohen
>Andrew P. Bleiman
>Danielle M. Kays
>1101 West Fulton Market, Suite 200
>Chicago, IL 60607-1213
>P 312.243.1717
>fredric.cohen@chengcohen.com
>andrew.bleiman@chengcohen.com
>danielle.kays@chengcohen.com

**CERTIFICATE OF SERVICE**

I certify that Plaintiff's Response in Opposition to Defendants' Motion to Stay was electronically filed and served on all counsel of record.

Dated:  March 11, 2008

        **MORAN INDUSTRIES, INC.**
        By:     s/ Danielle M. Kays____
               Attorneys for Plaintiff

        Fredric A. Cohen
        Andrew P. Bleiman
        Danielle M. Kays
        CHENG COHEN LLC
        1101 W. Fulton Market, Suite 200
        Chicago, Illinois 60607
        Telephone: (312) 957-4666
        Facsimile:  (312) 277-3961
        E-mail:
        fredric.cohen@chengcohen.com
        andrew.bleiman@chengcohen.com
        danielle.kays@chengcohen.com