## PROMISSORY NOTE



Amount: **$119,500.00**

Midlothian, IL
Date:   July 28, 2006

For value received, **John Heideman and James Hafemeister ("Maker")** promises to pay to the order of **Moran Industries, Inc. ("Holder")**, the sum One Hundred Nineteen Thousand Five Hundred and 00/100 Dollars ($119,500.00) with interest at ten percent (10%). Principal and interest shall be payable in lawful money of the United States at 4444 West 147th Street, Midlothian, Illinois 60445, or at such other place as the Holder may designate in writing.

The principal balance shall be amortized over a period of ten (10) years, and payments shall be made over a **three (3)** year period beginning on September 1, 2006, payable together with interest at ten percent (10%), payable in 36 monthly installments of **One Thousand Five Hundred Seventy-Nine and 00/100 Dollars ($1,579.00)**, with a final lump sum ("balloon") payment in the amount of $95,134.23 payable on September 1, 2009.

This Note is secured by the inventory, equipment, parts and fixtures of the **Mr. Transmission Service Center** located at **6821 S. Kirkwood, Houston, Texas**, and by any such items purchased or acquired hereafter for said premises, and the accounts receivable on account of business conducted by Maker at said location, cash on hand and in banks, and all other general intangibles thereof (collectively, the "Collateral"), to secure payment of the debt evidenced by this Note, including any renewals and/or extensions. ~~AS PER PETE BANDING~~

~~Maker will purchase and maintain term life insurance in the amount of this note and Moran Industries, Inc. will be named as the beneficiary. This term life insurance will be maintained during the entire life of the note.~~

In the event this Note is collected by or through an attorney, the Maker agrees to pay all costs of collection, including reasonable attorneys fees.

If any installment is not fully paid within ten (10) days after it is due, the entire principal sum and accrued interest then remaining unpaid thereon shall immediately become due and payable without notice at the option of the Holder. At Holder's option, Holder may assess and collect, in addition to any payment due, a late fee of ten percent (10%) of the payment due. Failure to exercise this option shall not constitute a waiver of the right of the Holder to exercise the same in the event of any subsequent default. Maker expressly waives notice of default, presentment and dishonor.

Maker agrees not to mortgage, pledge or otherwise encumber the collateral, and to keep it within the premises, except when sold in the ordinary course of business, free from all claims, taxes and other encumbrances and to pay all costs and expenses incurred by Holder in protecting its security interest in the collateral.

Maker further agrees that if this Note is not paid in full on or before the due date, Maker will immediately surrender possession of the collateral and all ownership interest therein to Holder on demand without further notice, and execute all documents necessary to effect such change in ownership. Should Maker fail to execute and deliver any such documents to Holder, Maker hereby irrevocably appoints any officer of Holder as Maker's attorney-in-fact to execute such documents on its behalf and in its stead, and hereby waives any and all rights, however created, to contest the validity of such execution.

The undersigned hereby authorizes any attorney at law appointed by Holder to appear in any Court of record in the State of Illinois, on default in the payment of any installment due on the above obligation, and waive the issuance and service of process, and confess a judgment against the undersigned in favor of the Holder hereof for the amount of the Note, together with the costs of suit and reasonable attorney's fees, and to release all errors and waive all right of appeal.

Presentment for payment, demand notice and protest, are expressly waived.

Privilege is reserved to pre-pay the entire sum, or any portion thereof, at any time, without premium or fee.

IN WITNESS WHEREOF, Maker has caused this Note to be executed by it on its behalf.

MAKER:

_____
John Heideman

_____
James Hafemeister

EXHIBIT B