UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) No. 07 C 6171 |
| v. | ) |
| | ) |
| JOHN HEIDEMAN and KILIMANJHARO | ) |
| EQUITY INVESTMENTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S REPLY AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

NOW COMES the Defendants, John Heideman and Kilmanjharo Equity Investments, Inc, LLC, by and through its attorney Brian P. Mack and James J. Tragos of the Mack Law Group, PC and for its Reply and Memorandum of Law in Support of its Motion to Stay states as follows:

**INTRODUCTION**

Plaintiff, Moran Industries, Inc. is a multi-state franchisor of automotive aftermarket centers. Included within its family of franchises are Mr. Transmission, Multistate Transmissions, Milex Complete Auto Care, Dr. Nick's Transmissions and Alta Mere. Although Plaintiff is an Illinois corporation, its business is largely conducted and concentrated in states other then Illinois, such as Texas. The Defendant John Heideman is a Texas resident and Defendant, Kilimanjharo Equity Investments, LLC is a Texas limited liability company. Plaintiff seeks

1

enforcement of its rights as to a franchise originating in the state of Texas and referred to in the Franchise Agreement as a "Mr. Transmission." [1]

In June 2007, Moran Industries, Inc. and its agent, James Hafemeister[2], were made defendants in a lawsuit filed by John Heideman and Kilimanjharo LLC. Moran Industries Inc. and James Hafemeister sought to Dismiss or in the alternative stay the Texas proceeding for Forum Non Conveniences, but said motion was denied by the Texas Court. Defendants respectfully requested that this Court should stay the current proceeding and allow the parties to have their dispute heard in full in Texas-without the unnecessary cost of duplicating litigation efforts in this forum. Plaintiffs, in turn, allege the forum selection clause of the contract between the two parties governs and the doctrine of abstention should not apply. However, Plaintiff's response ignores two important considerations regarding the forum selection clause. First, the Texas Court has already ruled on whether this clause is mandatory and found it is not. Second, Illinois federal case law supports the assertion that a venue provision that does not contain obligatory language is merely a permissive venue, rather than a mandatory one.

## ARGUMENT

### I. The Texas Court Has Already Denied Plaintiff's Motion to Dismiss or Stay for Forum Non Conveniens Based on the Forum Selection Clause.

Each of the Plaintiff's arguments rest on the theory that the Defendant is trying to evade the forum selection clause in the agreement between the two parties. However, the Defendant simply recognizes the fact that the Texas Court involved in this litigation has already made a ruling on this matter. In denying their Motion to Dismiss or Stay for Forum Non Conveniens which is almost entirely based on the forum selection clause, the Texas court recognized the

---

[1] Plaintiff does not incorporate or attach either the Franchise Agreement or the Promissory Note to Defendant's copy of the Complaint.

2

choice of forum in the contract between the two parties as a permissive rather than a mandatory venue. Therefore, the Plaintiff's attempt to prove to this court its mandatory nature is unwarranted and inappropriate.

### II. Illinois Federal Case Law Requires Obligatory Language in Order to Find a Forum Selection Clause is Mandatory.

Under Illinois law, if a forum selection clause is vague, ambiguous, or can be read in more than one way, then the Court must determine if the forum selection clause is permissible or mandatory. *See Sompo v. Alarm Detection System*, 2003 WL 21877615 at *1 (N.D. Ill.) Furthermore, this Court has held that if a forum selection clause specifies venue in obligatory language, then it will be enforced as a mandatory provision on venue. *Id.* However, if the clause merely specifies a jurisdiction, then it is interpreted as permissive, giving the parties a choice in venue. *Id.* Specifically, the forum selection clause relied on in the Plaintiff's response is:

> "The franchise agrees and consents to the jurisdiction and venue of the United States District Court for the Northern District of Illinois and/or any court of record of Cook County, Illinois, with respect to any proceeding which arise out of or are connected in any way with the operation of the MR. TRANSMISSION SERVICE CENTER licensed hereunder."

The language of this clause does not include any obligatory language such as "only," "sole" or "shall." Therefore, the plain language indicates that Illinois is a jurisdiction in which disputes may be heard, but does not indicate that Plaintiff agreed Illinois was the only jurisdiction in which suit could be brought. Thus, not only did the Texas Court find the language of the agreement to state a permissive rather than mandatory venue, Illinois courts have interpreted these clauses similarly and, in turn, support the Texas Court's decision.

3

WHEREFORE, the Defendant, John Heideman, prays this Honorable Court to grant his Motion to Stay Proceedings.

                                        Respectfully Submitted,
                                        By: s/ Brian P. Mack
                                        ARDC 6255657
                                        bmack@macklawyers.com

The Mack Law Group, PC
20 S. Clark, Suite 500
Chicago, Illinois 60603
PH: (312) 676-0100
FAX: (312) 372-7076

4

## Certificate of Service

I hereby certify that on March 26, 2008, a copy of foregoing DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        s/ James Tragos
        The Mack Law Group, PC
        20 S. Clark Suite 500
        Chicago, IL 60603
        Phone: 312-676-0100
        Fax: 312-372-7076
        jtragos@macklawyers.com