**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORAN INDUSTRIES, INC.,** | ) | |
| **Plaintiff,** | ) | **No. 07 CV 6171** |
| **v.** | ) | **Judge Joan H. Lefkow** |
| **JOHN HEIDEMAN and KILIMANJHARO EQUITY INVESTMENTS, LLC,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff, Moran Industries, Inc. ("Moran Industries" or "Plaintiff"), on November 1, 2007, brought suit against defendants, John Heideman and Kilimanjharo Equity Investments, LLC ("Kilimanjharo") (collectively, "Defendants") for breach of contract and failure to pay monies owed under a promissory note. Before the court is Defendants' motion to stay the case until resolution of proceedings that Defendants initiated in a Texas state court. Defendants argue that pursuant to the abstention doctrine established by the Supreme Court in *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the court should stay this action pending the resolution of the Texas case. For the following reasons, Defendants' motion [#14] is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

The contract at issue is a franchise agreement in which Moran Industries granted Heideman the right to operate a "Mr. Transmission" franchise store. According to the complaint, Moran Industries also financed Defendants' acquisition of the assets of an existing

Mr. Transmission business in Kirkwood, Texas ("Store No. 510"), and Heideman executed a promissory noted payable to Moran Industries in the principal amount of $119,500. The complaint further states that under the franchise agreement, Defendants agreed, *inter alia*, to report weekly to Moran Industries on their gross sales, to pay Moran Industries a weekly royalty in an amount equal to a specified percentage of gross sales, and to contribute to Moran Industries' advertising fund on a monthly basis, but that Defendants failed to meet these obligations.

In the Texas case, filed on June 1, 2007, Heideman and Kilimanjharo named as defendants both Moran Industries (the sole plaintiff in the present case) and James Hafemeister, an individual who is not a party in the present case. Heideman and Kilimanjharo purchased the assets located at Store No. 510 from Micah Consulting Division, LLC, a company which, they allege, was at that time owned and operated solely by Hafemeister. According to the petition filed by Heideman and Kilimanjharo in the state court case, they seek damages for (1) fraud under both Texas fraud statutes and common law, (2) deceptive trade practices under Texas consumer fraud statutes, (3) negligent misrepresentation, and (4) breach of contract. The Texas state court complaint alleges, *inter alia*, that Moran Industries and Hafemeister represented that the store which Heideman and Kilimanjharo purchased (and which Moran Industries financed) was consistently generating sales of $7,000 per week when in fact it was not. In their state case, Heideman and Kilimanjharo also claim that pursuant to the purchase agreement by which they acquired Store No. 510, Hafemeister was to provide six months of consulting services to Heideman to ensure the success of the enterprise, but that Hafemeister has failed to do so.

**DISCUSSION**

Under the *Colorado River* abstention doctrine, a federal district court "may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark* v. *Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 818). While recognizing the availability of judicial abstention in "exceptional circumstances," the Supreme Court cautioned that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River*, 424 U.S. at 818. As the Seventh Circuit has explained, the "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction. Given this clear command, we treat as paramount the overriding rule that abstention is the exception. . . . Indeed, the mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." *Clark*, 376 F.3d at 685 (internal quotation marks and citations omitted).

To determine whether a stay is appropriate in a particular case, the court conducts a two-part inquiry. *Tyrer* v. *City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). First, the court must consider whether the state and federal suits are parallel. *Id.* If the court determines that the suits are parallel, then the court considers a number of non-exclusive factors that might demonstrate the existence of "exceptional circumstances." *LaDuke* v. *Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989).

Two suits are considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark*, 376 F.3d at

686. To constitute parallel litigation, suits need not be identical. *Interstate Material Corp.* v. *City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). Parties that have "nearly identical" interests are considered "substantially the same" for purposes of analysis under *Colorado River* abstention doctrine. *Clark*, 376 F.3d at 686. To be parallel, "it is not necessary that there be formal symmetry between the two actions. . . . Rather, there should be a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (internal quotation marks and citations omitted). Nevertheless, "[i]f there is any substantial doubt that the parallel litigation will be 'an adequate vehicle for the complete and prompt resolution of the issues between the parties,' it would be a 'serious abuse of discretion' for the district court to stay or dismiss a case in deference to the parallel litigation." *AAR Int'l, Inc.* v. *Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

Here, the two named defendants in the federal case (Heideman and Kilimanjharo) are identical to the two plaintiffs in the Texas case, and the sole plaintiff in the federal case (Moran Industries) is the same as one of the defendants in the Texas case. Defendants argue that Hafemeister, the defendant in the Texas case who is not a party in this case, is a necessary party to this litigation and was likely not included by Plaintiff as a party here only to maintain the appearance of diversity jurisdiction. Although the issue is not properly before the court and need not be resolved at this time, it is not at all clear to the court that Hafemeister is in fact a necessary party to this case. Indeed, Hafemeister does not appear to be a party to either the contract or the promissory note that are the subject of this litigation, and Defendants have thus far provided little basis for their blanket assertion that he is a necessary party here. Nevertheless,

"[t]he addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings." *See Clark*, 376 F.3d at 686.

As for the substance of the state and federal suits, Defendants contend that the cases revolve around the same issues, in that they both arise from an alleged breach of a franchise agreement that the parties entered into. Specifically, Defendants assert that "[w]hile the federal plaintiff claims breach of the franchise agreement and the promissory note, *the state plaintiff alleges the same* as well as claims sounding in fraud and misrepresentation based on the formation of that same franchise agreement and promissory note." Def.'s Mot. Memo. at 4 (emphasis added).

As Plaintiff persuasively argues, however, Heideman and Kilimanjharo's claims in the Texas case are not based on the same franchise agreement and promissory note. Rather, Heideman and Kilimanjharo's state court claims for fraud, deceptive trade practices, negligent misrepresentation, and breach of contract appear to arise primarily from the purchase agreement for Store No. 510, which, though related, is separate from either the franchise agreement or the promissory note. The Plaintiff also notes that in the state court case, Heideman and Kilimanjharo do not seek recision or termination of any of their agreements with Moran Industries, including the franchise agreement—under which they continue to operate as a franchisee and pursuant to which Moran Industries seeks damages from them for breach of contract. It is thus not clear that resolution of Heideman and Kilimanjharo's Texas suit would determine or dispose of the issues raised in this case. The court therefore finds that the state and federal suits are not parallel. *See AAR Int'l*, 250 F.3d at 520 (reaffirming that "any doubt regarding the parallel nature of the foreign suit should be resolved in favor of exercising

jurisdiction”); *Eisenmann Corp.* v. *Tek-Mor, Inc.*, No. 03 C 4375, 2004 U.S. Dist. LEXIS 1517, at *11–13 (N.D. Ill. Feb. 4, 2004) (same).

Even if the court had found the suits to be parallel, moreover, Defendants would still have had to demonstrate the existence of “exceptional circumstances.” *LaDuke* v. *Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). The Seventh Circuit has recognized ten non-exclusive factors that might demonstrate the existence of “exceptional circumstances”:

> (1) whether the state has assumed jurisdiction over property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) the source of governing law, state or federal;
> (6) the adequacy of state-court action to protect the federal plaintiff's rights;
> (7) the relative progress of state and federal proceedings;
> (8) the presence or absence of concurrent jurisdiction;
> (9) the availability of removal; and
> (10) the vexatious or contrived nature of the federal claim.

*Clark*, 376 F.3d at 685. As the Seventh Circuit has explained:

> No single factor is necessarily determinative, . . . and the weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting of the case at hand. . . . Moreover, in making its decision, the district court should consider any special factors counselling for or against the exercise of jurisdiction in the case before it. . . . In short, the district court’s decision should not rest on a mechanical checklist of the relevant factors. . . . Rather, the foregoing factors are to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand.

*La Duke*, 879 F.2d at 1159 (internal quotation marks and citations omitted).

Defendants appear to argue that the second, third, fourth, sixth, seventh, eighth, and ninth factors weigh in favor of abstention. The court finds that some of those factors—the fourth, seventh, eighth, and ninth—do weigh slightly in favor of abstention, as the Texas case was filed before and has progressed somewhat further than the federal suit, the state and federal courts

have concurrent jurisdiction, and it appears unlikely that the state case could be removed to federal court. The other factors on which Defendants rely, however, are either neutral or weigh against abstention. The third factor, the desirability of avoiding piecemeal litigation, is neutral because, as discussed above, it is not clear that resolution of Defendants' claims in the Texas case will resolve the issues raised by the Plaintiff in this federal action. The sixth factor is also neutral, because it is likewise unclear whether Plaintiff's rights will be adequately protected in the Texas court suit.[1]

Finally, Defendants argue that the second factor weighs in favor of abstention because a federal forum is inconvenient for the parties. Defendants cite the facts that (a) Heideman resides in Texas and travels to Illinois infrequently, (b) the majority of his witnesses reside in Texas rather than Illinois, (c) he negotiated the franchise agreement "from Texas," and (d) his franchise is located in Texas. Defs.' Mot. Memo at 7. Plaintiff points out, however, that the franchise agreement at issue in this litigation contains a forum selection clause in which the franchisee explicitly "agrees and consents to the jurisdiction and venue of the United States District Court for the Northern District of Illinois and/or any court of record of Cook County, Illinois, with respect to any proceedings which arise out of or are connected in any way with the operation of the [Mr. Transmission Service Center] licensed hereunder." Pls.' Resp., Ex. A (the franchise agreement), at ¶ 34. Plaintiff argues that it would be unjust and improper for the court to find that litigation in this district would be inconvenient for Defendants when Defendants (1)

[1] To the extent that they are applicable here at all, the first, fifth, and tenth factors (which Defendants do not appear to rely on) do not weigh in favor of abstention: neither court has assumed jurisdiction over any property; Defendants have not shown that Texas law governs the claims in Plaintiff's federal case (see related discussion below regarding the second factor); and there is no evidence that those claims are vexatious or contrived.

specifically understood and consented to this risk when they executed the franchise agreement and (2) continue to enjoy the benefits of operating a franchise pursuant to that same agreement.

In reply, Defendants contend that the forum selection clause in the franchise agreement does not weigh against abstention because (a) the Texas court has already denied Moran Industries' motion to dismiss or stay the Texas suit under the doctrine of *forum non conveniens*, a motion in which Moran Industries allegedly relied on the same forum selection clause, and (b) the language of the forum selection clause is permissive, not mandatory, and thus does not indicate that Illinois is the only jurisdiction in which suit can be brought. Defendants' contentions, however, are both unpersuasive and of questionable relevance. First, the fact that the Texas court denied Plaintiff's motion under the doctrine of *forum non conveniens* to dismiss or stay the Texas suit (which, unlike this federal case, includes a number of claims brought pursuant to Texas state statutes and common law) does not change the fact that Defendants consented to jurisdiction and venue in this district for disputes regarding the franchise agreement. Second, the forum selection clause vitiates Defendants' contention that this jurisdiction is inconvenient, regardless of whether the language of the forum selection clause is permissive or mandatory, because Defendants expressly agreed to the risk of litigation here. *See TruServ Corp.* v. *Flegles Inc.*, No. 03 C 3284, 2003 U.S. Dist. LEXIS 21366, at *9–10 (N.D. Ill. Nov. 24, 2003) (noting that it would be unfair to allow the defendant "to enjoy the benefits of the contract and . . . to circumvent the provisions, such as the forum selection clauses, which were included for [plaintiff's] benefit" and finding that the defendant "waived any argument that Illinois is an inconvenient forum by signing the agreements with the forum selection clauses"); *see also AAR Int'l*, 250 F.3d at 523 (noting that a forum selection clause might "preclude[] the

defendants from objecting to the inconvenience of venue in Illinois altogether, therefore ceding the inconvenience factor of the abstention analysis to [plaintiff]”). The court thus finds that the second factor weighs heavily against abstention.

In balancing the relevant factors, the court therefore finds that none weighs heavily in favor of abstention, and one—the second factor—weights heavily against such a result. Thus, even if the court had found the state and federal cases to be parallel, the court would nevertheless be obligated to deny Defendants’ motion due to the absence of exceptional circumstances.

**ORDER**

For the reasons discussed above, Defendants’ motion to stay the case until resolution of state court proceedings [#14] is denied.

Dated: April 16, 2008 Enter: Joan H Lefkow

JOAN HUMPHREY LEFKOW
United States District Judge