IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 CV 6171 |
| v. | ) |
| | ) Judge Joan Lefkow |
| JOHN HEIDEMAN and KILIMANJHARO EQUITY INVESTMENTS, LLC | ) |
| | ) |
| Defendants, | ) |
| | ) |

## DECLARATION OF KRISTINE MARTENS

I, Kristine Martens, being duly sworn according to law, states as follows:

1. I am a licensed attorney and am employed as In-House Counsel for Moran Industries, Inc. ("Moran"). I submit this Declaration in support of Moran's Motion for Entry of Default Judgment against John Heideman and Kilimanjharo Equity Investments, LLC. I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could testify at trial consistent with these facts.

2. The facts stated in the Complaint are true and correct to the best of my knowledge and belief.

3. Pursuant to Section 11 of the Franchise Agreement between Moran and John Heideman dated December 30, 2005 (the "Franchise Agreement"), Moran collects a royalty fee in the amount of 7% of the franchisee's gross sales.

4. Pursuant to Section 11 of the Franchise Agreement, for any weekly royalty payment over 3 weeks past due, Moran collects a late fee in the amount of 3% of the gross weekly sales for that week.

5. Section 25(e) of the Franchise Agreement permits Moran to collect the net present value of future royalties for the remaining term of the Franchise Agreement.

6. The remaining term of the Franchise Agreement, as of April 24, 2008, the date Franchise Agreement was terminated, is 17.6 years.

7. Heideman has not made royalty or other payments due and owing under the Franchise Agreement.

8. Heideman is also in default under the promissory note between Moran and Heideman dated July 28, 2006, in the principal amount of $119,500 (the "Note").

9. The Note was secured by the shop's equipment and inventory.

10. Moran has fully performed its obligations under the Franchise Agreement and Note.

11. Heideman owes the following sums to Moran under the Franchise Agreement:

   (a) $17,339.04 for past due royalties, calculated as follows: 7% of reported sales, and estimates used for weeks in which reports were not submitted;

   (b) $125 for a payment returned for insufficient funds on May 9, 2007; and

   (c) $2,800.00 for amounts owed to the advertising fund, calculated as follows: $100 per month for 7 months plus $150 per month for 14 months;

   (d) $7,319.34 for late fees on royalty payments, calculated as follows: 3% of gross weekly sales for each weekly payment 3 weeks or more past due;

   (e) $19,846.14 for late fees on non-royalty payments, calculated as follows: the total amount due for payments other than royalties is subject to a 6% interest for the number of days from the oldest past due payment;

 (f) $18,109.80 for reasonable attorney's fees and court costs pursuant to Section 26 of the Franchise Agreement;

 (g) $113,044.34 for the net present value of future royalties, calculated as follows: the average yearly royalty multiplied by the remaining number of years on the agreement, discounted at a rate of 3.5%;

12. Heideman owes the following sums to Moran under the Note:

 (a) $139,111.10 for outstanding principal and interest under the Note;

13. The total amount owed by Heideman to Moran is $317,694.76.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2008.

*Kristine Martens*
Kristine Martens